UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARL ALONZO BROOKS,<br><br>                Petitioner,<br><br>    v.<br><br>JEFFREY UTTECHT,<br><br>                Respondent. | CASE NO. 2:21-cv-00793-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

*Pro se* petitioner Carl Alonzo Brooks petitions for 28 U.S.C. § 2254 habeas relief from a 2018 Indeterminate Sentence Review Board ("ISRB") decision finding him not parolable on his 1978 convictions for "Robbery in the First Degree, Rape in the First Degree, Kidnapping in the First Degree, Homicide 2nd, Assault 1st, and Burglary 1st." Dkt. 9 at 1. Petitioner raises the following grounds for relief:

    Ground One

        The ISRB's use of extrinsic evidence to deny parole substantially prejudiced him. *Id*. at 5. In specific, he alleges "The presentence report sates (35)- year old rape victim contracted gonorrhea as a result of being raped and that statement in supported by claim that rape victim examined at Group Health Hospital; this evidence ongoingly used to extend my (Brooks) discretionary minimum terms for up to life maximum and the new ISRB hearing is scheduled for Jan. 2022.

        *Id.*

REPORT AND RECOMMENDATION - 1

Ground Two

ISRB use of extrinsic evidence at Nov. 12, 2018 Parole hearing violates substantive 6th amendment rights ongoings The presentence report claim that (35)-year old rape victim following hospital exam was diagnosed as having contracted gonorrhea as a result of the rapes is untested by cross-exam because I (Brooks) plea of guilty which not allow any cross-exam since 6th amend. was waived by rule on guilty plea.

*Id.* at 7.

Ground Three

ISRB refused to expunge extrinsic PSR substantive evidence is 1st Amend by 14th violations when I appealed to both Dr. Robtoy and ISRB neither one would review, hear or decide the merits of my (Brooks) Ground 3 claims.

*Id.* at 8.

Ground Four

ISRB acts cruel and unusual since in light of record equal treatment, substantive due process is denied I (Brook) presented ISRB & Dr. Robtoy with record substantive evidence (namely 935)-year old rape victim police report from 01-28-1978 including records pretending co-defendant ozie whitfield received same treatment while he was given lenient sentence by fraudulent and perjured prosecution submission that concealed evidence Off. Val Pienter [unreadable] fatal shot arm over top parked car.

*Id.* at 10.

The Court has reviewed the habeas petitioner pursuant to Rule 4 of the Rules Governing § 2254 cases. Rule 4 directs a federal court to dismiss a habeas petition before ordering service if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 also applies to habeas petitions brought under § 2241. *See* Rule1(b) of the Rules Governing Section 2254 cases ("The district court may apply any and all of these rules to a habeas corpus petition not covered" by 28 U.S.C. § 2254.).  Having reviewed

REPORT AND RECOMMENDATION - 2

the petition, the Court recommends that it be DENIED and that the matter be DISMISSED with prejudice. Although Petitioner proceeds *pro se,* leave to amend should not be granted. The deficiencies contained in the habeas petition cannot be cured and further amendment would thus be futile. If these recommendations are adopted, the Court also recommends DENIAL of a Certificate of Appealability (COA).

## DISCUSSION

Petitioner seeks habeas relief from the ISRB's 2018 determination that parole be denied. In essence, he argues the ISRB relied upon evidence from his underlying criminal convictions and because his convictions are based upon guilty pleas, the evidentiary basis upon which the ISRB relied is untested and therefore invalid. In an attached brief Petitioner also challenges the psychological or psychiatric assessments relied upon by the ISRB. Although Petitioner's habeas petition is limited to challenging the 2018 ISRB decision denying parole, his attached brief also raises challenges to the underlying convictions. *See* Dkt. 9. However, because Petitioner has previously sought habeas relief from his underlying convictions, and was previously denied habeas relief, *see Brooks v. Miller-Stout*, 04-922-JCC, any challenge to the underlying convictions are second or successive and not properly before the Court.

Turning to Petitioner's challenge to the ISRB's parole determination, a state prisoner has no constitutional or federal right to be released before a valid state sentence expires. *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (per curiam) (citing *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 7 (1979)). The Supreme Court held federal habeas relief does not extend to review of the evidentiary basis for state parole decisions. Because habeas relief cannot be granted for state law errors, and because the Due Process Clause does not require correct application of a state's evidence standards for denial of parole, federal courts may not

REPORT AND RECOMMENDATION - 3

intervene in parole decisions as long as minimum procedural protections are provided. *Id*. at 220-21. Federal due process protection in regard to parole is very minimal. A federal habeas court may only inquire as to whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied. *Id*. at 221; *Miller v. Oregon Bd. of Parole and Post–Prison Supervision*, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in *Swarthout* that in the context of parole eligibility decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision."). This procedural inquiry is "the beginning and the end of'" federal habeas court's analysis of whether due process has been violated when a state prisoner is denied parole. *Swarthout at* 220.

Here Petitioner alleges on November 12, 2018, "in person" before the ISRB. Dkt. 9 at 13. He avers the ISRB panel members completed a psychological evaluation report but:

> refused to report the presentence statement that rape victim was examined at hospital and later confirmed to have contracted gonorrhea as a result of the rapes committed by me (juvenile Brooks) and adult co-defendant eric whitfield, however no cross exam of expert witness or rape victim was afforded in my (Brooks) case and the ISRB refuses to review my dispute that rape victim police report (01-28-1978) shows 90-seconds of robbery-motivated rape offense against me and even 45 minutes of sex motivated rape offense by ozie whitfield and Frye evidence rule required find that that co-def ozie whitfield over 45 minutes sex motivated rape on (35) year old victim include anal assault by ozzie which caused contraction of gonorreah – I (Brooks) filed PRP 809415-1 as newly discovered extrinsic evidence.

*Id*. at 14. Under the circumstances of this case, the Court cannot grant Petitioner federal habeas relief. The crux of Petitioner's claim is the evidentiary basis of the ISRB's determination to deny parole is unfounded or unsupported. However, there is nothing showing petitioner was denied a fair hearing and Petitioner does not aver that the ISRB denied parole for no reason. Rather he

REPORT AND RECOMMENDATION - 4

contends the ISRB denied parole based upon facts generated from his criminal conviction—facts which he does not agreed with.  But as noted above, the Court cannot consider or review the evidentiary basis of the ISRB decision. That is, on habeas review, the Court is precluded from addressing the evidentiary basis of the ISRB decision. This is particularly so in this case because Petitioner pleaded guilty to the crimes subject to ISRB – parole review.  He admitted committing the crimes on review by the ISRB and given his guilty pleas, he cannot now say the evidence considered by the ISRB regarding his convictions was not subjected to cross-examination and therefore void. The Court is barred from assessing the factual basis of Petitioner's convictions as that would be the subject of a different habeas challenge and is also barred form second-guessing the ISRB's consideration of those facts in denying Petitioner parole.  The Court accordingly recommends the petition be denied and the case be dismissed.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability with respect to any of the claims asserted in his habeas petition.

REPORT AND RECOMMENDATION - 5

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections, however, may be filed no later than **September 3, 2021.** The Clerk shall note the matter for **September 3, 2021**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 20th day of August 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge